```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYBIL KALISH,

                                                                06 CV 4933 (LAP)

                                 Plaintiff,

    -against-

KARP & KALAMOTOUSAKIS,                       CLASS ACTION

                                Defendant.
------------------------------------------------------------X

## FINAL APPROVAL ORDER OF JUDGMENT OF
## THE CLASS ACTION SETTLEMENT

      This matter comes before the Court on the joint request of Plaintiff and a class of persons similarly situated (collectively, "Plaintiff" or "Class Members") and the Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated December 20, 2007.

      The total number of Class Members is 338.

      Notice was sent by first class mail to 462 Persons at their last known mailing address using Accessible Contact Information.

      A total of 0 Class Members requested exclusion from the Settlement.

      A total of 0 Class Members objected to the Settlement.

      The Court being duly advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement (the "Agreement"), dated December ___, 2007.

2. <u>Notice</u>. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United State Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

    a. The parties are directed to implement the settlement in accordance with its terms.

    b. Except as to any individual claim of those Persons, who have timely and effectively requested exclusion from the Settlement Class, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

    c. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

    d. Upon the Effective Date, the Class Representatives and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law

      shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

   e. Nothing herein shall alter, amend or terminate the right of the Defendant to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) owed by any Settlement Class Member, for any debt. Nothing herein releases or discharges: (1) any legally enforceable claim which the Defendant or its clients may have against any Class Member or any other person or entity; or (2) any legally enforceable lien which the Defendant or its clients may have against any or all Class Members or any other person or entity. Nothing herein voids or abrogates the contractual obligations of any Settlement Class Member.

   f. Notwithstanding the provision of subdivision e. above, upon the Effective Date, the Defendant shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged any claim of whatever kind or nature relating to the debt allegedly owed by Sybil Kalish.

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion form the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against the Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representatives, the other Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

6. <u>Attorneys' Fees</u>. The Court awards to Class Counsel Attorneys' Fees and costs in the amount of $18,000.00

7. Any funds that are returned, undeliverable, or remain uncashed for 90 days from the date upon which they are mailed to Class Members shall be made payable to the Legal Aid Society – Civil Division and sent to Adam J. Fishbein to be forwarded accordingly.

8. <u>Entry of Judgment.</u> There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

9. The purported opt-out of Karen Gomez is attached and is denied as untimely and not in compliance with the requirements of the Court's prior order in that it was only served on Plaintiff's counsel

10. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

So Ordered this 2nd day of May, 2008.

SO ORDERED

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

3-17-08

Hi my name is Karen Gomez And me And sr. Ruberky munoz. We want to Be excluded from the Settlement class in Kalish V. Karp.

thank you.

*Karen Gomez*

*Ruberky munoz*